McGEE et al., Appellants,

v.

C & S LOUNGE, a.k.a. C & S Restaurant, et al., Appellees.

[Cite as *McGee v. C & S Lounge* (1996), 108 Ohio App.3d 656.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE07–895.

Decided Jan. 23, 1996.

*De Libera, Lyons & Bibbo* and *Jeffrey R. Bibbo,* for appellants.

*Isaac, Brant, Ledman & Teetor* and *Donald Anspaugh,* for appellees.

DESHLER, Judge.

Appellants, Jim G. McGee and Judy McGee, appeal from a decision of the Franklin County Court of Common Pleas granting the motion of appellees C & S Lounge, a.k.a. C & S Restaurant, and Calvin J. Higgins for relief from judgment under Civ.R. 60(B).

Appellants filed their complaint on August 26, 1994, alleging that Jim McGee had slipped and fallen on the premises of Higgins's restaurant and bar business, the C & S Lounge. Appellants alleged that Jim McGee had suffered his injuries due to an icy and slippery area caused by a negligently and defectively designed downspout drain which created a dangerous condition on the premises. The alleged fall occurred on December 22, 1993; Jim McGee suffered a fractured fibula and dislocated ankle.

There being no answer filed to the complaint, appellants moved for default judgment on October 20, 1994. Default judgment was granted by the court on November 4, 1994, and the matter proceeded to a damages hearing before a referee who assessed the damages in the amount of $53,752.53. The referee's recommendation was adopted by the trial court, and final entry was entered on December 23, 1994.

Appellees filed their motion for relief from judgment under Civ.R. 60(B) on March 3, 1995. Affidavits filed with the motion set forth the following chronology of events leading up to and including the entry of the default judgment. Calvin Higgins owns and operates the C & S Lounge and Restaurant and the adjoining C & S Carry-out on East Fifth Avenue in Columbus, and has done so for some twenty-five years. Higgins's experience has been that when he receives service of papers relating to a lawsuit, he forwards them to his insurance agent. When Higgins was advised by his secretary, Pamela Green, that he had been served with the complaint in this case, he instructed Green to make copies of the complaint and forward them to his insurance agent, Andrew Insurance Associates. Green noted that a premium payment was due on the business liability

insurance and decided to forward the lawsuit papers at the same time with the premium payment. This, along with the press of other business, delayed forwarding of the complaint to the insurance agency until on or about September 22, 1994.

Higgins's affidavit asserts that no one connected with his business heard anything further regarding this matter until late December 1994, when he received notice that default judgment had been taken against himself and the business. Higgins then called Ed Guice, with Andrew Insurance Associates, to inquire into the matter. The affidavit of Michelle Cantrell, an employee of the insurance agency, establishes that the agency did receive the premium payment, but asserts that there is no record that the enclosed lawsuit papers were received by the agency after Green mailed them in late September 1994.

When the Andrew agency received notice from Higgins that default judgment had been taken in this case, notice of the judgment was faxed to GRE Insurance, acting for the Midwestern Indemnity Company ("Midwestern"), a liability insurance carrier for Higgins and the C & S Lounge. The affidavit of Allen Geisinger, a senior claims specialist for Midwestern, sets forth that he immediately opened a file on the matter and attempted to contact appellants' attorney on December 30, 1994. Over the next two months Geisinger investigated the claim and remained in contact with appellants' attorney, apparently in an effort to have the default judgment set aside voluntarily. Appellees then filed their motion for relief from judgment.

The trial court found that appellees had demonstrated that they were entitled to relief under Civ.R. 60(B) because they had demonstrated a meritorious defense, established that the conduct of Higgins in responding to the complaint met the standard for excusable neglect, and timely filed their motion for relief from judgment. The court further specified, however, that relief was granted on the condition that appellees pay appellants' costs in the case up to and including appellants' defense of the Civ.R. 60(B) motion.

Appellants have timely appealed and bring the following single assignment of error:

"The trial court abused its discretion in granting appellees' motion for relief from judgment."

■■■ A motion to vacate judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Doddridge v. Fitzpatrick* (1978), 53 Ohio St.2d 9, 7 O.O.3d 5, 371 N.E.2d 214. Abuse of discretion will not be found where the reviewing court simply could maintain a different opinion were it deciding the issue *de novo*, but rather represents an attitude that is unreasonable, arbitrary, or unconscionable.

*AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 553 N.E.2d 597.

■ " ' " * * * The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." ' " *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126–127, 482 N.E.2d 1248, 1252 (quoting *State v. Jenkins* [1984], 15 Ohio St.3d 164, 222, 15 OBR 311, 361, 473 N.E.2d 264, 313).

■ "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

■ "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraphs two and three of the syllabus.

In this case, the relevant grounds for relief appear to fall under Civ.R. 60(B)(1): "mistake, inadvertence, surprise or excusable neglect."

■ Appellants do not appear to challenge upon appeal that appellees can present a meritorious defense to this slip-and-fall action. Appellees argued in support of their relief from judgment that, under relevant Ohio case law, natural accumulations of ice and snow are an obvious and apparent danger which will not result in liability against the premises owner. *DeAmiches v. Popczun* (1973), 35 Ohio St.2d 180, 64 O.O.2d 106, 299 N.E.2d 265. The trial court thus concluded that a potential meritorious defense was raised by appellees' motion, meeting the first prong of the *GTE Automatic Elec.* test. Appellants do not argue, nor do we find, any abuse of discretion with respect to this aspect of the trial court's decision.

■ The trial court found that appellees had met the second prong of the *GTE Automatic Elec.* test by demonstrating that they had suffered default judgment through excusable neglect. Appellants cite numerous Ohio cases which held that

excusable neglect was not present under factual circumstances more or less similar to those in the case before us. The bulk of these cases, however, represent instances in which a reviewing court *affirmed* the determination of the trial court that no Civ.R. 60(B) relief was warranted. The appellate courts were therefore reviewing an opposite determination by a trial court under the same abuse of discretion standard which we must apply. As noted above, abuse of discretion connotes more than a difference of opinion; that trial courts have reached different conclusions on more or less distinguishable facts regarding the availability of Civ.R. 60(B) relief, and that appellate courts have affirmed such a determination does not necessarily support a finding of an abuse of discretion on the part of the trial court in the case before us. Discretion necessarily connotes a wide latitude of freedom of action on the part of the trial court, and a broad range of more or less tangible or quantifiable factors may enter into the trial court's determination. Simply put, two trial courts could reach opposite results on roughly similar facts and neither be guilty of an abuse of discretion.

One case cited by appellants, however, does procedurally reflect the outcome sought by appellants in this appeal, that is, a reversal by an appellate court of a grant of Civ.R. 60(B) relief by a trial court. In the case of *Cleveland v. Johnson* (Apr. 25, 1991), Cuyahoga App. No. 58367, unreported, 1991 WL 64334, the city alleged that the defendant had negligently damaged a city-owned fence with his automobile. The city's complaint was served on the defendant, who made no response because he believed that a copy of the complaint would have also been served on his attorney, whom he had retained to pursue a personal injury complaint against the city arising out of the same circumstances. The trial court granted the defendant Civ.R. 60(B) relief on the basis of excusable neglect, but the Eighth District Court of Appeals reversed, finding that defendant had not demonstrated excusable neglect because he had never acted to determine whether an answer had been filed on his behalf.

█ Upon review and reflection, we find the holding in *Johnson* to be somewhat harsh in light of the Supreme Court's clear statement in *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 248, 18 O.O.3d 442, 445, 416 N.E.2d 605, 609, that "the concept of excusable neglect must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed." Furthermore, this court, on facts essentially identical to the ones presently before us, has found no abuse of discretion on the part of the trial court in granting Civ.R. 60(B) relief. In the case of *Howard v. Pomante* (Apr. 20, 1993), Franklin App. No. 92AP–1289, unreported, 1993 WL 172240, defendants in a civil action forwarded plaintiffs' complaint to their insurance company for further action. Because the insurer failed to notify the defendants that no coverage was available and thus no defense would be provided, the defendants continued in the mistaken

belief that a defense would be furnished by the insurer. When the defendants received notice of default judgment, they obtained clarification of their situation from their insurer and proceeded with their own motion for relief from judgment, which the trial court granted and this court affirmed. Similarly, in the case before us, the defendant proceeded under the assumption that the papers had properly been transmitted to the insurer and the matter was being handled by the insurance company in accord with previous lawsuits Higgins had experienced during his twenty-five years in business. When Higgins received notice of the default judgment against him, he promptly contacted his insurer and the matter was thereafter taken up by the insurance company and its counsel retained for purposes of vacating the judgment. Based upon the precedent established in *Howard* and considering the remedial nature of Civ.R. 60(B) and the well-established preference for deciding matters on the merits, we find no abuse of discretion on the part of the trial court in concluding that appellees had established excusable neglect in this case.

The final contention raised by appellants is that appellees' motion for relief from judgment was not timely filed. The Supreme Court stated in *GTE Automatic Elec.*, 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, at paragraph two of the syllabus, that a Civ.R. 60(B)(1) motion must be brought not more than one year after entry of judgment. Courts have taken this ruling as a maximum allowable interval and have rejected motions for Civ.R. 60(B) relief even when brought within one year, when the other circumstances of the case rendered the motion meritless. In the case before us, the original default judgment on liability was entered on November 21, 1994; the entry adopting the referee's report on damages was entered on December 23, 1994. Appellees brought their Civ.R. 60(B) motion on March 3, 1995. The affidavits filed with the motion provided a fairly detailed explanation, covering the actions of the insurer between the time that notice of the default judgment was transmitted by Higgins and the time that the motion was filed. The case is thus distinguishable from *Mount Olive Baptist Church v. Pipkins Paints* (1979), 64 Ohio App.2d 285, 18 O.O.3d 319, 413 N.E.2d 850, in which the court found that a Civ.R. 60(B) motion filed four months after default judgment was taken, in the absence of any evidence explaining the delay, was untimely. Under the circumstances of this case, we find no abuse of discretion on the part of the trial court in finding that appellees' motion from relief from judgment was timely filed.

Based upon the foregoing, appellants' assignment of error is overruled and the judgment of the trial court granting relief from judgment is affirmed.

*Judgment affirmed.*

P<small>ETREE</small> and R<small>EILLY</small>, JJ., concur.

A<small>RCHER</small> E. R<small>EILLY</small>, J., retired, of the Tenth Appellate District, sitting by assignment.