[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiffs-appellants, State Farm Mutual Automobile Insurance Company and Christine Stewart, obtained a default judgment against defendant-appellee, Guy Harbin, in an action that arose from an automobile accident. The trial court granted Harbin's Civ.R. 60(B)(1) motion for relief from that judgment on the grounds of excusable neglect. In their sole assignment of error, appellants contend that the trial court abused its discretion in granting Harbin's motion. We disagree.
No bright-line test exists to determine whether a party's neglect is excusable or inexcusable. The determination turns on the facts and circumstances of each case. Hopkins v. Quality Chevrolet, Inc. (1992),79 Ohio App.3d 578, 607 N.E.2d 914. The record does not show that Harbin, in failing to answer the complaint, exhibited a complete disregard for the judicial system or the rights of the other party. SeeGriffey v. Rajan (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122, syllabus. Under the circumstances, the trial court's finding that his conduct constituted excusable neglect was not so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. See Colley v.Bazell (1980), 64 Ohio St.2d 243, 416 N.E.2d 605; Doddridge v.Fitzpatrick (1978), 53 Ohio St.2d 9, 371 N.E.2d 214; McGee v. CS Lounge
(1996), 108 Ohio App.3d 656, 671 N.E.2d 589; Hopkins, supra.
Further, in his affidavit, Harbin set forth facts showing that he was not the sole cause of the automobile accident and that Stewart might have been at least partially at fault. Consequently, he set forth sufficient operative facts to demonstrate that he had a meritorious defense. Under Civ.R. 60(B), his burden was only to allege a meritorious defense, not to prevail on the merits of that defense. Moore v. Emmanuel Family TrainingCtr., Inc. (1985), 18 Ohio St.3d 64, 479 N.E.2d 879; Doddridge, supra.
Finally, the parties do not dispute that Harbin's motion was timely filed. Consequently, he made the showings required for the granting of a Civ.R. 60(B) motion for relief from judgment. See GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus. Where a movant has a meritorious defense and has timely sought relief from a default judgment, doubt, if any, should be resolved in favor of the motion to set aside the judgment, so that the case may be decided on its merits. Id., at paragraph three of the syllabus. Accordingly, we hold that the trial court did not abuse its discretion in granting Harbin's motion for relief from judgment. We overrule appellants' assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.