OPINION
This case came before the Franklin County Court of Common Pleas for trial on June 27, 2001. On July 2, 2001, that court issued the following judgment entry:
 This case came on for trial of the one remaining issue in the case on June 27, 2001, and that the remaining issue is the amount still due and owing on the certificate of judgment lien of Defendant Champagne Homes, Inc.
 Champagne Homes, Inc. and its counsel appeared and submitted evidence and argument. No other Parties or counsel appeared.
 The Court finds upon evidence and arguments submitted, and after due consideration, that there is due and owing to Champagne Homes, Inc. from Defendants Charles L. Varga and Lisa R. Varga on its judgment and certificate of judgment lien $70,000.00, and its costs herein expended, and it is so Ordered.
 This being the last remaining contested issue in this case there is no just reason for delay, therefore all issues and judgments are final appealable orders.
On July 11, 2001, appellant, Lisa Varga, filed a post-judgment "Motion for 60(B) Relief from the Judgment Entry filed by Champagne Homes." Appellant's motion was denied by the trial court on August 30, 2001. Appellant also filed several additional post-judgment motions, which were all denied in a separate decision and entry ("the second decision and entry"), that was also filed on August 30, 2001. The trial court denied the following motions in the second entry: appellant's "motion requesting stay of confirmation of sale"; "motion and request for waiver and estoppel of confirmation of auction sale"; "request to show proof of intent and ability to redeem"; "declaration to defend the merits and validity of claims pro se"; "claim of protection by the doctrine of laches to support a review of summary judgments"; and "supplemental motion to vacate appraisal and stay the sale of 4871 Warner Road and to vacate the sale of 52 N. Columbia Avenue."
On October 1, 2001, appellant timely appealed the denial of her motion for Civ.R. 60(B) relief. However, on October 4, 2001, she filed an untimely notice of appeal from the trial court's second decision and entry. Representing her own interests, appellant presents her sole assignment of error as follows:
 The Court of Common Pleas committed reversible error in granting summary judgment in favor of the Plaintiff and CO-defendant James P. Purdy where evidence in the pleadings demonstrated material fact and genuine issue, to effect a reasonable conclusion adverse to Defendant Lisa Varga. That there was sufficient weight of evidence relative to issues of material fact as indicated by the multiple defendants in this case, and their pleadings both in concert and separately; and obligation to carefully review the instruments of mortgage was essential to reasonable conclusion. (Decisions, dated January 2, 2001.)
 Separate review of the instruments upon which all parties in this action have obtained favorable Judgment, will clearly indicate the elements of original fraudulent intent of those parties, and motivated to preserve their position, have sent a barrage of unwarranted claims and misrepresentations before this court for the purpose of creating chaos and confusion in issues, in deflection and in pursuit of an inconsistent agenda, and not otherwise enforceable as a matter of law. (Decisions dated June 15, July 2, 2001, and August 30, 2001.)
The timely filing of a notice of appeal under App.R. 4(A), within thirty days of the entry of the judgment or order appealed, is jurisdictional. A judgment or order is entered when it is filed for journalization. App.R. 4(D); Civ.R. 58(A). See, also, Cleveland v. Trzebuckowski (1999), 85 Ohio St.3d 524; and Toledo v. Fogel (1985),20 Ohio App.3d 146. In this case, each of the orders from which appellant sought to appeal in the trial court's second decision and entry was filed for journalization on August 30, 2001. Therefore, appellant's October 4, 2001 notice of appeal was untimely. We, therefore, dismiss appellant's October 4, 2001 notice of appeal for lack of jurisdiction, as well as all of the arguments submitted in her appellate brief in support of that notice.
Civ.R. 60(B) relief is available when a party is able to demonstrate that: (1) he or she is entitled to relief under at least one of the grounds set forth in Civ.R. 60(B)(1) through (5); (2) that he or she has a meritorious defense or claim to present if relief is granted; and (3) that the motion has been made within a reasonable amount of time, which, for those grounds set forth in Civ.R. 60(B)(1) through (3), cannot be more than one year after the judgment was entered. GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146; and Svoboda v. Brunswick (1983), 6 Ohio St.3d 348.
Additionally, a motion for relief from judgment is entrusted to the sound discretion of the trial court. Doddridge v. Fitzpatrick (1978),53 Ohio St.2d 9. Accordingly, the trial court's ruling will not be disturbed on appeal unless it is shown the court abused its discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75. This court has explained that an abuse of discretion will not be found where the reviewing court simply could maintain a different opinion were it deciding the issue. McGee v. C S Lounge (1996), 108 Ohio App.3d 656, 660. Rather, an abuse constitutes an attitude that is unreasonable, arbitrary, or unconscionable. AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
Finally, we also note that Civ.R. 60(B) relief "is not available as a substitute for appeal * * * nor can the rule be used to circumvent or extend the time requirements for filing an appeal." Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686. See, also, Doe v. Trumbull Cty. Children Services Bd. (1986), 28 Ohio St.3d 128; and Ackermann v. United States (1950), 340 U.S. 193, 71 S.Ct. 209.
In this case, there is no question that appellant failed to timely appeal the trial court's July 2, 2001 judgment in favor of Champagne Homes, Inc. For that reason, appellant may not now challenge that judgment. Kelm v. Kelm (1992), 73 Ohio App.3d 395, 399 (an appellant may not, in support of a Civ.R. 60[B] motion, raise issues that could have been raised on direct appeal).
We have assiduously reviewed appellant's assignment of error, appellant's statement of the issues presented for review, and the arguments contained in appellant's brief. However, we have found nothing which demonstrates that the trial court acted "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias" in overruling her Civ.R. 60(B) motion. Huffman, supra. Accordingly, we overrule appellant's assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN and BRYANT, JJ., concur.