OPINION
{¶ 1} Appellant, Anthony Langham, appeals the judgment entered by the Mentor Municipal Court. The trial court denied Langham's motion to vacate its prior default judgment entry. The default judgment awarded appellee, Mario Federico, $15,000.
 {¶ 2} On December 19, 2002, Langham's and Federico's vehicles were involved in an automobile accident. *Page 2 
 {¶ 3} On December 17, 2004, Federico initiated the instant lawsuit by filing a complaint against Langham. Langham was served with the complaint via certified mail. Langham called Allstate, his insurance carrier, and informed a representative about the complaint. However, an answer to the complaint was not filed.
 {¶ 4} In April 2005, the court sent a notice to the parties that a default judgment hearing was scheduled for May 20, 2005. On May 12, 2005, Federico filed a motion for default judgment. Upon receiving notice of the default judgment hearing, Langham again contacted Allstate. Langham did not respond to Federico's motion for default judgment. On May 23, 2005, the trial court entered default judgment in favor of Federico in the amount of $15,000, plus interest and court costs.
 {¶ 5} Allstate eventually assigned Langham's defense to Attorney Thomas Coughlin. On June 27, 2005, Attorney Coughlin filed a motion for relief from judgment, pursuant to Civ. R. 60(B). The basis of the motion was that Langham's failure to answer the complaint was attributable to excusable neglect. Attached to Langham's motion was his affidavit. Federico filed a brief in opposition to Langham's motion.
 {¶ 6} A hearing was held. Langham testified at the hearing. The magistrate issued a decision recommending Langham's motion for relief from judgment be denied. The basis of the magistrate's decision was that Langham had not demonstrated a meritorious defense or shown excusable neglect. Langham filed objections to the magistrate's decision. The trial court overruled Langham's objections to the magistrate's decision and adopted the magistrate's decision. *Page 3 
 {¶ 7} Langham has timely appealed the trial court's judgment entry to this court, raising the following assignments of error:
 {¶ 8} "[1.] The trial court erred when it denied appellant's 60(B) motion to vacate the default judgment.
 {¶ 9} "[2.] The trial court erred when it did not find that appellant had a meritorious defense.
 {¶ 10} "[3.] The trial court erred when it did not find that appellant was entitled to relief under one of the grounds set forth in Civ. R. 60(B)(1) through (5) as excusable neglect was clearly established.
 {¶ 11} "[4.] The trial court erred when it did not find that the appellant's motion to vacate default judgment was made within a reasonable time."
 {¶ 12} Due to the similar nature of these assigned errors, they will be addressed in a consolidated fashion.
 {¶ 13} "A reviewing court reviews a trial court's decision on a motion for relief from judgment to determine if the trial court abused its discretion."[1] "The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'"[2]
 {¶ 14} Relief from judgment may be granted pursuant to Civ. R. 60(B), which states, in part: *Page 4 
 {¶ 15} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 16} "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken."[3]
 {¶ 17} Initially, we will address the timeliness of Langham's motion for relief from judgment. The default judgment entry was filed May 23, 2005, and Langham's motion for relief from judgment was filed June 27, 2005. We consider this to be within a reasonable time. The magistrate did not cite timeliness as a ground for overruling Langham's motion for relief from judgment. *Page 5 
 {¶ 18} The trial court found that Langham did not demonstrate a meritorious defense. We disagree. In his affidavit, Langham states that "it is his adamant position that the accident was caused as a direct and proximate result of plaintiff Federico's own negligence. Mr. Federico was cited for the accident." We note the movant does not need to demonstrate that he will ultimately prevail on the merits of the proffered defense; rather, he only needs to allege a meritorious defense.[4] Federico's complaint contained the general allegation that Langham's negligence caused a motor vehicle accident. Langham's affidavit states that Federico caused the accident. This assertion was sufficient to allege the existence of a meritorious defense.
 {¶ 19} The trial court also found that Langham did not demonstrate excusable neglect pursuant to Civ. R. 60(B)(1). The Supreme Court of Ohio has "defined `excusable neglect' in the negative and [has] stated that the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'"[5]
 {¶ 20} The Supreme Court of Ohio has held:
 {¶ 21} "Where a defendant, upon being served with summons in a cause of action based on a claim for which he has liability insurance, relies upon his carrier to defend the lawsuit, his failure to file an answer or to determine independently that his carrier has failed to file timely an answer which leads to the taking of a default judgment, may constitute `excusable neglect,' depending on the facts and *Page 6 
circumstances of the case, so as to justify relief from the default judgment pursuant to Civ. R. 60(B)."[6]
 {¶ 22} In Colley v. Bazell, the Supreme Court of Ohio set forth the following test to determine whether a particular defendant's actions in relying on his or her notification of his or her insurance carrier constitute "excusable neglect."[7] The factors are: (1) whether the defendant promptly notified the insurance carrier regarding the complaint; (2) the lapse of time between the date the answer was due and the date the default judgment was entered; (3) the amount of the default judgment; and (4) the degree of the defendant's legal experience.[8]
 {¶ 23} The first and fourth factors weigh in favor of granting the motion for relief from judgment, in that Langham testified he notified his insurance carrier about the complaint and there is no evidence he had any legal experience.
 {¶ 24} The amount of the judgment was $15,000. While not insignificant, a $15,000 judgment entered in 2005 is considerably less than the $75,000 judgment entered in 1978, which the Supreme Court of Ohio inferred was a "large" judgment.[9] In this matter, the amount of the judgment does not carry a great deal of weight for or against granting relief from judgment.
 {¶ 25} Finally, the length of time between the answer due date and the date of the default judgment heavily weighs against granting the motion for relief from judgment. In Colley v. Bazell, default judgment was filed within one week of the *Page 7 
defendant's failure to file an answer.[10] This short time period weighs in favor of granting a motion for relief from judgment. However, in Griffey v. Rajan, 51 days elapsed between the due date of the answer and the plaintiffs motion for default judgment.[11] The Supreme Court of Ohio concluded this delay weighed against the granting of a motion for relief from judgment.[12] In the case at bar, service on Langham was perfected on January 3, 2005. Thus, his answer was due by January 31, 2005.[13] Federico filed his motion for default judgment on May 12, 2005, and the motion was granted on May, 23, 2005. Accordingly, 101 days passed between the answer due date and the date Federico filed his motion for default judgment. Since this is nearly twice as long as the time period the Supreme Court found to be too lengthy in Griffey v.Rajan, we conclude this factor weighs heavily against granting Langham's motion for relief from judgment.
 {¶ 26} The Supreme Court of Ohio has held:
 {¶ 27} "`[E]ven though a defendant has promptly notified an insurance company of the filing of the lawsuit, his neglect in failing toindependently determine whether an answer has been filed on his behalfmay well change from "excusable" to "inexcusable" upon the passage oftime, without regard to the one year provision regulating the timeliness of the motion.'"[14] *Page 8 
 {¶ 28} Here, Langham's initial reliance that Allstate was handling his defense would probably amount to excusable neglect. However, as the days turned to months, Langham bore some responsibility for ensuring that an answer was filed on his behalf. This is especially true after Langham received the notice regarding default judgment. Upon receipt of this notice, he was aware that Allstate had not taken the appropriate measures to defend against Federico's complaint.
 {¶ 29} Moreover, the Supreme Court of Ohio has held that an insurance company's failure to file an answer may be imputed to its insured.[15]
Therefore, "the conduct of the insurance company and the conduct of the insured must be examined together to determine whether excusable neglect has occurred."[16] We make no determination as to the degree of fault between Langham and Allstate for the neglect in failing to file an answer.[17] However, because more than 100 days elapsed between the date Langham's answer was due and the time Federico filed his motion for default judgment, Langham and/or Allstate were inexcusably neglectful of the duty to file a timely answer. Either way, Federico should not be "made to suffer" for the neglect of Langham, or his chosen insurance carrier, Allstate.[18] The combined actions of Langham and Allstate constitute a complete disregard of the judicial system.[19] *Page 9 
 {¶ 30} In this matter, we conclude the trial court did not abuse its discretion by finding that excusable neglect was not demonstrated. It must be emphasized that the trial court denied Langham's motion for relief from judgment and that our standard of review is abuse of discretion. Had the trial court granted Langham's motion, the outcome might be different. As the Tenth Appellate District has noted, "two trial courts could reach opposite results on roughly similar facts and neither be guilty of an abuse of discretion."[20]
 {¶ 31} Langham's first and third assignments of error are without merit. Technically, Langham's second and fourth assignments of error have merit. However, all three of the GTE factors must be present to grant a motion for relief from judgment.[21] Since we conclude that the trial court did not abuse its discretion in finding that Langham did not demonstrate excusable neglect, the trial court's ultimate judgment denying Langham's motion for relief from judgment is affirmed.
MARY JANE TRAPP, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only.
[1] (Citations omitted.) Bank One, NA v. SKRL Tool and Die, Inc., 11th Dist. No. 2003-L-048, 2004-Ohio-2602, at ¶ 15. See, also, GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146, 150.
[2] (Citations omitted.) Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
[3] GTE Automatic Electric v. ARC Industries, 47 Ohio St.2d 146, paragraph two of the syllabus.
[4] (Citations omitted.) Bank One, NA v. SKRL Tool and Die, Inc., 2004-Ohio-2602, at ¶ 18.
[5] Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20, quotingGTE Automatic Electric v. ARC Industries, 47 Ohio St.2d at 153.
[6] Colley v. Bazell (1980), 64 Ohio St.2d 243, paragraph two of the syllabus.
[7] Colley v. Bazell, 64 Ohio St.2d at 249.
[8] Id.
[9] See Colley v. Bazell, 64 Ohio St.2d at 245, 249.
[10] Colley v. Bazell, 64 Ohio St.2d at 248.
[11] Griffey v. Rajan (1987), 33 Ohio St.3d 75, 79.
[12] Id.
[13] See Civ. R. 12(A)(1).
[14] (Emphasis added by Griffey Court.) Griffey v. Rajan,33 Ohio St.3d at 79, quoting Colley v. Bazell, 64 Ohio St.2d at 249.
[15] Griffey v. Rajan, 33 Ohio St.3d at 78.
[16] (Emphasis in original.) Id.
[17] See Griffey v. Rajan, 33 Ohio St.3d at 80, fn. 3.
[18] Id. at 77.
[19] Id. at syllabus.
[20] McGee v. C S Lounge (1996), 108 Ohio App.3d 656, 661.
[21] GTE Automatic Electric v. ARC Industries, 47 Ohio St.2d 146, paragraph two of the syllabus. *Page 1