[Cite as *Lucas v. Reywal Co. Ltd. Partnership*, 2019-Ohio-27.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

John C. Lucas, Trustee for the Miriam C.  :
Lucas Trust et al.,

                         :

        Plaintiffs-Appellees,                       No. 17AP-479

                         :          (C.P.C. No. 14CV-4953)

v.

                         :          (REGULAR CALENDAR)

Reywal Co. Limited Partnership et al.,

                         :

        Defendants-Appellants.

                         :

---

## D E C I S I O N

### Rendered on January 8, 2019

---

**On brief:** *Stephen H. Dodd*, for appellants*.* **Argued:** *Stephen H. Dodd.*

**On brief:** *Carpenter Lipps & Leland*, and *Angela Paul Whitfield*, for appellees. **Argued:** *Cherry Poteet.*

---

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Defendant-appellant, William F. Newman ("Newman"), appeals the June 7, 2017 decision and entry of the Franklin County Court of Common Pleas granting the motion of receiver, Kenneth A. Gamble ("Receiver"), for instructions that directed the Receiver to proceed with a purchase agreement between intervenor-appellee, LRC Development Company, LLC ("LRC") and Reywal Co. Limited Partnership ("Reywal"). For the reasons that follow, we affirm the judgment of the trial court.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   This appeal arises from a receivership action, but the trial court's decision and entry relates to a purchase agreement between Reywal and LRC that the parties entered into prior to the appointment of the Receiver.  On June 24, 2013, Reywal executed a purchase agreement for the sale to LRC of a 28-acre piece of property in central Ohio called the Sawmill Road Property for $5,000,000.

{¶ 3}   At the time the purchase agreement was signed, the property was the subject of a detachment proceeding that was concluded in March 2017.  *See Reywal Co. Ltd. Partnership v. Dublin,* 10th Dist. No. 15AP-635, 2017-Ohio-367.  Closing was delayed due to the detachment litigation, but the purchase agreement had not been terminated by either party and by its terms, it became effective and fully enforceable on the mutual execution of the agreement.

{¶ 4}   On May 7, 2014, nearly one year after the purchase agreement was executed, plaintiffs John C. Lucas, as trustee of the Miriam C. Lucas Trust (a limited partner), and the Prendegast Family Partnership (a limited partner), filed a complaint requesting a judicial dissolution of the Reywal Limited Partnership.  The Reywal partnership was originally formed for the purpose of investing in real estate.  The complaint requested an accounting from the general partner, the appointment of a receiver, and money damages for conversion ("the receivership case").  The defendants were appellant William Newman, the sole general partner, and the Estate of Robert E. Albright, who was a general partner at the time of his death in 2013.

{¶ 5}   Kenneth Gamble was appointed by the trial court as the Receiver for Reywal on May 30, 2014.  The Receiver began liquidating Reywal's assets and distributing the proceeds to the partners.  The Receiver sold real estate after receiving approval from the trial court.  He initiated a lawsuit on behalf of Reywal to recover past due rent from a tenant. He oversaw the detachment litigation.

{¶ 6}   On February 17, 2017, the partners settled all claims among themselves.  Over $5,000,000 in assets were distributed to the partners.  All claims in the underlying action were dismissed with prejudice, except the receivership.  The purchase agreement was the sole asset of the receivership estate that remained at issue in the proceeding.  The trial court retained jurisdiction to enforce the settlement agreement and to adjudicate any disputes

arising out of that agreement or its implementation including the liquidation of the Sawmill Road Property.

{¶ 7}   On April 4, 2017, the Receiver filed a motion to seek guidance from the trial court regarding the purchase agreement.  The Receiver had received another offer from a third party for the Sawmill Road Property that was approximately $900,000 higher than the $5,000,000 price agreed to in the purchase agreement.  Neither accepting nor rejecting the third-party offer, and not wanting to incur liability for a breach of the purchase agreement, the Receiver sought instructions from the trial court. Meanwhile, LRC continued to perform under the purchase agreement and submitted a $25,000 deposit to the escrow agent on April 7, 2017.  Further obligations by the Receiver were stayed by the trial court, and LRC intervened in this case to protect its interest under the purchase agreement.

{¶ 8}   After briefing by the parties, the trial court held a hearing on June 7, 2017.  At that time, counsel for Newman represented to the trial court that the third party had rescinded its offer.  After consideration of all the facts and circumstances of the case including maximizing the return from the property to the receivership estate, the trial court lifted the stay on the Receiver's obligations under the purchase agreement and ordered the Receiver to proceed with the purchase agreement between LRC and Reywal.  This appeal followed.

## II.  MOTION TO DISMISS

{¶ 9}   As a preliminary matter, this court must first address our subject-matter jurisdiction in this appeal.  LRC filed a motion to dismiss the appeal for lack of a final appealable order for two reasons.  First, LRC argues that the decision lacks Civ.R. 54(B) language, and the trial court declined to add such language when requested.  Second, LRC contends that R.C. 2735.04(D)(2)(d), which states that an order of sale is a final appealable order with respect to the matters contained in the order, is inapplicable because the purchase agreement is not an order of sale of property pursuant to Ohio's receivership statutes contained in R.C. Chapter 2735.

{¶ 10}  A trial court order is a final appealable order if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).  *Eng. Excellence Inc. v. Northland Assocs., LLC,* 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 10.

{¶ 11} R.C. 2505.02 defines a final order and provides, in pertinent part:

As used in this section:

(1) "Substantial right" means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

(2) "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.

(3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:
(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 12} Civ.R. 54(B) provides as follows:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 13} In determining whether a judgment or order is final and appealable, the appellate court engages in a two-step analysis. *In re Estate of L.P.B.*, 10th Dist. No. 11AP-81, 2011-Ohio-4656, ¶ 10. "First, we must determine if the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies R.C. 2505.02, we must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay." *Id.*

{¶ 14} "Civ.R. 54(B), however, is merely a procedural device. It cannot affect the finality of an order." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 21 (1989); *Meisner v. Walker*, 10th Dist. No. 15AP-671, 2016-Ohio-215, ¶ 11. The absence of Civ.R. 54(B) language will not render an otherwise final order not final. *Gen. Acc. Ins. Co.* at 21. Moreover, "even though all the claims or parties are not expressly adjudicated by the trial court, if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ. R. 54(B) is not required to make the judgment final and appealable." *Id.*

{¶ 15} Here, the trial court's June 7, 2017 decision and entry is a final order under R.C. 2505.02 because the trial court's decision and entry "affects a substantial right made in a special proceeding" pursuant to R.C. 2505.02(B)(2). A receivership is a special proceeding. *PNC Bank, N.A. v. Creative Cabinet Sys.*, 2d Dist. No. 2013-CA-14, 2014-Ohio-3264, ¶ 9, citing *Huntington Natl. Bank v. HPM Div.*, 10th Dist. No. 10AP-200, 2010-

Ohio-6176, ¶ 16, fn. 1. The right to enforcement and performance of a contract involves a substantial right. *PNC Bank* at ¶ 10, citing *Kierland Crossing, LLC v. Ruth's Chris Steak House, Inc.*, 10th Dist. No. 11AP-627, 2011-Ohio-5626, ¶ 8; *Niehaus v. Columbus Maennerchor*, 10th Dist. No. 07AP-1024, 2008-Ohio-4067, ¶ 19 ("The parties' rights to enforcement and performance of the purchase contract involved substantial rights.").

{¶ 16} The underlying case is a receivership with multiple parties. The trial court's decision does not end the underlying receivership action. However, all claims in the underlying action were dismissed with prejudice, except the receivership. The purchase agreement is the sole asset of the receivership estate that remains at issue in the proceeding. The receivership remains in place to facilitate the sale of the remaining asset, the Sawmill Road Property. The trial court retained jurisdiction to enforce the settlement agreement and to adjudicate any disputes arising out of that agreement or its implementation including the liquidation of the Sawmill Road Property. Based on the trial court's decision, the Receiver does not need to apply to the trial court for authorization before proceeding with the sale and closing. Therefore, in order for Newman to have a meaningful right to appeal, he must appeal before the property is sold. *Compare Whipps v. Ryan*, 10th Dist. No. 10AP-167, 2011-Ohio-3300, ¶ 9 ("The trial court order approving the first report in this case does not determine the action with respect to the assets concerned, nor is a remedy foreclosed upon appeal from an eventual confirmation of sale, which would be the final order in the case.").

{¶ 17} Here, it appears that all claims, rights, and liabilities of all the parties have now been resolved, and therefore Civ.R. 54(B) language is not required. Accordingly, we find the trial court's June 7, 2017 decision and entry instructing the Receiver to proceed with the purchase agreement is a final appealable order, and the motion to dismiss is hereby denied.

## III. ASSIGNMENT OF ERROR

{¶ 18} Newman presents a sole assignment of error for our review:

> The Common Pleas Court erred by authorizing and ordering a sale to LRC Development Co., without first determining if such a sale would satisfy the requirements of Ohio Revised Code Section 2735.04(D)(1)(a).

## IV. DISCUSSION

### A. Standard of Review

{¶ 19} Under Ohio's receivership statutes, the trial court must exercise sound judicial discretion in overseeing a receivership. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 74 (1991). Absent an abuse of discretion, a reviewing court will not disturb the trial court's judgment. *Id*; *Dispatch Printing Co. v. Recovery L.P.,* 10th Dist. No. 14AP-473, 2015-Ohio-381, ¶ 24; *see also Yidi, L.L.C. v. JHB Hotel, L.L.C.,* 8th Dist. No. 104856, 2017-Ohio-1285, ¶ 7 ("We review the trial court's decision approving the receiver's sale of real property for an abuse of discretion.").

{¶ 20} "Abuse of discretion will not be found where the reviewing court simply could maintain a different opinion were it deciding the issue de novo, but rather represents an attitude that is unreasonable, arbitrary, or unconscionable." *McGee v. C & S Lounge*, 108 Ohio App.3d 656, 659 (10th Dist.1996). To the extent Newman has raised a question of law concerning the interpretation of statutes, an appellate court must apply a de novo standard of review. *Reywal Co. Ltd. Partnership* at ¶ 8.

### B. Does Ohio Revised Code Section 2735.04(D)(1)(a) apply to the purchase agreement?

{¶ 21} In 2015, the General Assembly revised Ohio's receivership laws that are set forth in R.C. Chapter 2735. We note that these revisions went into effect after the purchase agreement was executed in 2013 and after Reywal was placed in receivership in 2014. Newman contends that R.C. 2735.04(D)(1) governs the sale of the Sawmill Road Property, and LRC submits that it does not. Newman argues that because the trial court did not take evidence as to whether the sale to LRC would be reasonable, fair, or maximize the return to the receivership estate, the trial court was not authorized to order the sale to proceed.

{¶ 22} R.C. 2735.04(D)(1)(a) provides as follows:

> Subject to the approval and supervision of the court and the requirements of this section, a receiver may sell property free and clear of liens by private sale pursuant to a written contract between the receiver and the prospective purchaser, by private auction, by public auction, or by any other method that the court determines is fair to the owner of the property and all other parties with an interest in the property, is reasonable under the circumstances, and will maximize the return from

the property to the receivership estate, taking into account the potential cost of holding and operating the property.

{¶ 23} By its express language, R.C. 2735.04(D)(1)(a) sets forth various methods by which a receiver, with court approval, may sell property free and clear of liens. They are: a written contract between the receiver and the prospective purchaser; private auction; public auction; or a catch-all provision that permits the court to authorize a sale if the trial court makes additional determinations including a determination that the method of sale will maximize the return from the property to the receivership estate. Newman argues that the sale of the Sawmill Road Property falls within this catch-all provision and the trial court erred by not taking evidence and making a determination that selling the property pursuant to the purchase agreement will maximize the return from the property.

{¶ 24} It is not clear whether subsection (D)(1)(a) even applies to the sale of real property since the next section, R.C. 2735.04(D)(2), specifically refers to and governs the sale of real property while R.C. 2735.04(D)(1) only refers to property. However, Newman does not claim that R.C. 2735.04(D)(2) governs the sale of the Sawmill Road Property.

{¶ 25} Nor does R.C. 2735.04(D)(1)(c) apply, which provides:

If the receiver requests authority to sell the property pursuant to a prospective purchase contract and if warranted by the circumstances, the court may require that the receiver solicit and consider additional offers. If the receiver ultimately sells the property to a party other than the original proposed purchaser, if approved by the court, the receiver may pay to the unsuccessful original proposed purchaser a reasonable amount of costs and expenses from the sale proceeds in an amount determined by the court to compensate that proposed purchaser for participation in the sale process to the extent that participation brought value to the receivership.

{¶ 26} Assuming this section even applies to the sale of real property, this subsection of the statute establishes a procedure for prospective future sales, but is silent as to existing, executed purchase contracts such as the purchase agreement at issue here. By the terms of the purchase agreement at issue in this case, it became binding on the parties and in full force and effect on June 24, 2013. LRC is no longer a proposed purchaser and the purchase agreement is not a prospective purchase agreement as contemplated by R.C. 2735.04(D)(1)(c). As acknowledged by Newman, the purchase agreement is not a contract

between the Receiver and a prospective purchaser. Thus, R.C. 2735.04(D)(1)(c) does not apply to the sale of the Sawmill Road Property.

{¶ 27} We are faced with a fully executed binding purchase agreement that was entered into before Reywal was placed in receivership and before the Ohio's receivership statutes were revised. Precedent from this district stands for the proposition that pre-existing executed contracts are enforceable. *Norris v. Dudley*, 10th Dist. No. 07AP-425, 2007-Ohio-6646, ¶ 25, 28.

{¶ 28} Newman contends that the appointment of the Receiver and R.C. 2735.04(D)(1)(a) somehow invalidate the purchase agreement that predates the receivership. Newman argues that because R.C. 2735.04 does not mention contracts entered into before the appointment of a receiver, they are unenforceable.

{¶ 29} First, there is no language in the revised statutes that R.C. 2735.04(D)(1)(a) is to be applied retroactively. Second, Ohio Constitution, Article II, Section 28 prohibits the General Assembly from passing law impairing the obligation of contracts. The Supreme Court of Ohio has held that legislative enactments cannot be applied retroactively to nullify contractual rights existing before the enactment of the statute. In *Aetna Life Ins. Co. v. Schilling*, 67 Ohio St.3d 164 (1993), the court held that R.C. 1339.63, under which a divorce invalidated any designation of a former spouse as the beneficiary of a life insurance policy could not be applied to invalidate beneficiary designations made prior to the enactment of the statute even if the death did not occur until after the effective date of the statute. Similarly, in *Ross v. Farmers Ins. Group of Cos.*, 82 Ohio St.3d 281, 288 (1998), the court held that statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of contracting parties. "Subsequent legislative enactments cannot alter the binding terms of a preexisting agreement entered into by contracting parties under the law as it existed at the time that the contract was formed." *Id*. Therefore, the General Assembly could not have passed the amendments to the receivership statutes with the intention of impairing the obligation of LRC's pre-existing contract.

{¶ 30} At the hearing, the trial court was presented with the following facts. The receivership had settled all claims and disputes, and there was one remaining asset to be disposed. On the one hand, there was a fully executed binding purchase agreement to sell

the Sawmill Road Property for $5,000,000.  On the other hand, a recent offer had come in from a third party that was approximately $900,000 higher than the purchase agreement.  But on the day of the hearing, counsel for Newman reported to the court that the third-party offer had been rescinded.

{¶ 31}  The trial court also heard that under the third-party offer, Reywal would be paid only for "usable" acreage, and therefore the rescinded third-party offer may have been less than the LRC purchase price.  The Receiver's third quarterly report in April 2017 stated that the Receiver had obtained a market analysis and reported a gross value of the Sawmill Road Property of $677,825 to $5,000,000.  The trial court had to consider if the Receiver rejected the purchase agreement, the receivership would likely face new litigation in the form of a claim for damages or to enforce specific performance under the terms of the purchase agreement.  In his motion for instructions, the Receiver stated: "Receiver does not want to incur liability for a breach of the LRC Purchase Agreement."  (Apr. 4, 2017 Mot. for Instructions at 5.)   Even though the trial court was not required to apply R.C. 2735.04(D)(1), it did consider what course would maximize the return from the property to the receivership estate, and granted the Receiver's motion for instructions.

{¶ 32}  We can find no abuse of discretion in the trial court's decision to order the Receiver to proceed with the purchase agreement.

{¶ 33}  The sole assignment of error is overruled.

## V.  CONCLUSION

{¶ 34}  Based on the foregoing, the motion to dismiss for lack of a final appealable order is denied, the sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Motion to dismiss denied;*
*judgment affirmed.*

BROWN and BRUNNER, JJ., concur.