OPINION
{¶ 1} Defendant-appellant, Jeffrey T. Harber, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which granted the motion of plaintiff-appellee, Andrea C. Anderson-Harber, to vacate judgment (in part) under Civ.R. 60(B). For the following reasons, we affirm the decision of the trial court.
 {¶ 2} This appeal arises from the 2003 complaint for divorce filed by appellee against appellant. The proceedings most pertinent to this appeal occurred on January 5, 2005, when a magistrate of the trial court conducted a final hearing to determine the allocation of parental rights and responsibilities regarding the parties' two children. Although appellee had previously signed a joint motion that continued the hearing until January 5, 2005, appellee failed to appear for the hearing. Neither the magistrate nor appellant contacted appellee, and the hearing proceeded without her.
 {¶ 3} According to appellee, she did not attend the hearing due to a scheduling error on her part; in short, she got her dates confused. When she realized her error, she immediately contacted appellant, who informed her that the hearing had proceeded without her, and she attempted to contact the magistrate. She also went to the courthouse, but was told that she would receive a copy of the magistrate's findings by mail.
 {¶ 4} On January 19, 2005, the magistrate issued a decision awarding sole custody of the parties' children to appellant and granting visitation to appellee. This order replaced temporary orders that had been in place, those orders imposing a quasi-shared parenting arrangement and granting appellant extended weekend visitation. Appellee, acting pro se, filed objections to the magistrate's decision. With her objections, she filed nine affidavits from family and friends who supported placement of the children with appellee.
 {¶ 5} On April 28, 2005, the trial court overruled appellee's objections to the magistrate's decision. The court found that appellee had failed to file a transcript of the proceedings before the magistrate. The court further found that appellee had failed to appear at the January 5, 2005 hearing and, therefore, lacked personal knowledge upon which she could file an affidavit in lieu of a transcript. The court stated: "The Court finds that [appellee] has no record upon which this Court may review the proceedings conducted before [the magistrate]." Finding no defect on the face of the magistrate's decision, the court adopted the magistrate's decision on the allocation of parental rights and responsibilities.
 {¶ 6} That same day, the court issued a judgment entry (decree of divorce), which granted the parties a divorce from one another and made findings regarding the parties' property. The divorce decree incorporated the court's entry and the magistrate's January 19, 2005 decision on the allocation of parental rights and responsibilities.
 {¶ 7} On July 5, 2005, appellee, now represented by counsel, filed a motion to vacate judgment (in part) pursuant to Civ.R. 60(B), seeking only to vacate that portion of the court's order concerning the allocation of parental rights and responsibilities. In her motion, appellee argued that mistake and/or excusable neglect supported the relief under Civ.R. 60(B)(1), and the absence of a complete transcript for the January 5, 2005 hearing supported relief under Civ.R. 60(B)(5). On November 7, 2005, over appellant's objection, the trial court granted appellee's motion to vacate judgment (in part) "on the basis of excusable neglect and in the interest of justice." The court set the matter of allocating parental rights and responsibilities for a new evidentiary hearing before the magistrate.
 {¶ 8} Appellant timely appealed from the trial court's order granting appellee's motion to vacate, and he raises the following assignment of error:
THE TRIAL COURT ABUSED [ITS] DISCRETION WHEN IT GRANTED PLAINTIFF'S MOTION TO VACATE JUDGMENT PURSUANT TO OHIO CIVIL RULE 60(b) ON THE GROUNDS OF EXCUSABLE NEGLECT, BECAUSE PLAINTIFF'S OWN FAILURE TO APPEAR FOR TRIAL WAS NOT EXCUSABLE AND PLAINTIFF HAS NOT ALLEGED ANY SUBSTANTIVE DEFECT IN THE TRIAL EVIDENCE.
 {¶ 9} In pertinent part, Civ.R. 60(B) provides:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, or proceeding was entered or taken. * * *
 {¶ 10} To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that: (1) the movant has a meritorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the movant filed the motion within a reasonable time and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the order or judgment was entered. GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Here, appellant asserts that appellee failed to meet the first and second prongs of the three-prong GTE Automatic test.
 {¶ 11} When reviewing a trial court's ruling on a motion under Civ.R. 60(B), an appellate court applies an abuse of discretion standard. Haynes v. Ohio Dept. of Rehab. Corr.,
Franklin App. No. 05AP-78, 2005-Ohio-5099. A trial court's discretion under Civ.R. 60(B) "is, to achieve just results, quite broad." Pittsburgh Press Co. v. Cabinetpak Kitchens of Columbus,Inc. (1984), 16 Ohio App.3d 167, 168. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 12} Here, appellant argues that the court abused its discretion in granting appellee's motion because appellee's actions do not constitute "excusable neglect" under Civ.R. 60(B)(1) and appellee failed to demonstrate that she has a meritorious defense. We disagree.
 {¶ 13} First, appellant asserts that appellee's failure to appear at the January 5, 2005 hearing reveals appellee's disregard for the importance of the judicial system, not neglect that is excusable. He likens these circumstances to those described in GTE Automatic, where the Ohio Supreme Court found a party's failure to defend against a complaint and failure to appear at a judgment debtor exam did not constitute excusable neglect under Civ.R. 60(B)(1).
 {¶ 14} We find, however, that the determination of "[w]hether a party's neglect has been excusable or inexcusable is a determination which must be made from all the individual facts and circumstances in each case." Covert Options, Inc. v. R.L.Young Assoc., Inc., Montgomery App. No. 20011, 2004-Ohio-67, at ¶ 11. Here, appellee's affidavit stated that she had attended 11 previous hearings in the divorce matter, as well as 13 previous hearings in a related juvenile court proceeding. She took immediate action to attempt to determine what occurred at the hearing, but was unable to reach the magistrate or to obtain a transcript of the hearing. In essence, she stated that her confusion and failure to appear arose from her busy schedule, which included full-time classes, a job, and her three children. Taken as a whole, appellee's actions do not suggest a total disregard for the judicial system.
 {¶ 15} The Second District Court of Appeals came to a similar conclusion in Covert Options. In that case, the appellate court affirmed the trial court's order vacating judgment under Civ.R. 60(B)(1). The trial court found excusable neglect where counsel claimed that his failure to appear at trial resulted from a scheduling error, i.e., the trial date was not transferred from his 2002 calendar to his 2003 calendar. Finding that counsel had acted diligently up until that point in the proceedings, the trial court found that counsel's failure to appear at trial did not demonstrate a disregard for the judicial system, but "that his failure to appear stemmed from simple human error." Id.
 {¶ 16} Admittedly, another court could review the circumstances here and determine that no excusable neglect exists. See, e.g., Stables v. Bland, Trumbull App. No. 2002-T-0075, 2003-Ohio-1751 (affirming trial court judgment finding no excusable neglect where defendant asserted that his failure to appear resulted from his entering the hearing on the wrong day in his calendar, but did not submit a sworn statement to that effect). However, the court's discretion to determine whether excusable neglect exists "necessarily connotes a wide latitude of freedom of action * * * and a broad range of more or less tangible or quantifiable factors may enter into the trial court's determination. Simply put, two trial courts could reach opposite results on roughly similar facts and neither be guilty of an abuse of discretion." McGee v. C S Lounge (1996),108 Ohio App.3d 656, 661. We find no abuse of discretion here.
 {¶ 17} We further find, as appellee notes, that the trial court based its ruling not only on excusable neglect under Civ.R. 60(B)(1), but also on the interest of justice, which supports relief under Civ.R. 60(B)(5). Appellant has not assigned error with respect to that portion of the trial court's ruling. Thus, even if we were to find that appellee failed to meet her burden to demonstrate that she is entitled to relief under Civ.R. 60(B)(1), we still would be compelled to find that she met her burden to demonstrate that she is entitled to relief under Civ.R. 60(B)(5).
 {¶ 18} Second, appellant asserts that appellee did not demonstrate that she has a meritorious defense to present. Again, we disagree.
 {¶ 19} The magistrate's January 19, 2005 decision states: "The court has considered the statutory best interest factors and the factors for shared parenting, and other appropriate law, and this analysis clearly favors awarding custody to [appellant] and parenting time to [appellee]." Thus, for our purposes, a demonstration of a "meritorious defense" would require evidence tending to show that awarding custody to appellee would serve the best interests of the children.
 {¶ 20} R.C. 3109.04(F)(1) provides that, in determining the best interest of a child for purposes of allocating parental rights and responsibilities, "the court shall consider all relevant factors, including, but not limited to" the wishes of the parents, the child's interaction and interrelationship with parents, siblings, and any other person who may significantly affect the child's best interest, the child's adjustment to the child's home, school or community, the mental and physical health of all persons involved in the matter, as well as numerous other identified factors. See, also, R.C. 3109.04(F)(2) (factors for determining shared parenting) and R.C. 3109.051 (factors for determining parenting time rights).
 {¶ 21} Here, in support of her objections to the magistrate's decision, appellee submitted nine affidavits supporting her willingness and ability to care for her children, and one letter indicating her initiative to find mental health care for one of the children. In her affidavit filed in support of her motion to vacate judgment, appellee stated that the separation of the parties' two children from appellee's son had negatively impacted all three children. Appellee also raised concerns about the children's home environment when living with appellant. And, in paragraphs 19, 20, 21, and 22 of her affidavit, appellee directly refuted appellant's apparent reliance on Defendant's Exhibit 1, a "Memorandum of Agreement," a document the magistrate specifically relied on to show that appellee had agreed to grant appellant extended visitation. In our view, presentation of these facts was sufficient to demonstrate that appellee has a meritorious defense.
 {¶ 22} For all of these reasons, we find that the trial court did not abuse its discretion in granting appellee's motion to vacate judgment (in part) pursuant to Civ.R. 60(B), and we overrule appellant's assignment of error. Therefore, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
Petree and Sadler, JJ., concur.