[Cite as *White v. White*, 2015-Ohio-5342.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| TIMOTHY WHITE, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0052** |
| LORI J. WHITE, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 2013 DR 00144.

Judgment: Affirmed.

*Timothy White,* Pro se, 8214 Hubbard Bedford Road, Hubbard, OH 44425 (Plaintiff-Appellee).

*Thomas E. Schubert,* 138 East Market Street, Warren, OH 44481 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Lori J. White, appeals the April 28, 2015 Amended Order of the Trumbull County Court of Common Pleas, Division of Domestic Relations, denying her Motion to Vacate Final Decree of Divorce. The issue before this court is whether a trial court abuses its discretion by denying a party relief from judgment, where the party fails to appear for a final hearing and, then, after that hearing has been rescheduled, fails to appear for the rescheduled hearing, despite the claim not to have

received notice of the rescheduled hearing. For the following reasons, we affirm the judgment of the court below.

{¶2}   On April 8, 2013, plaintiff-appellee, Timothy White, filed a Complaint for Divorce against Ms. White. The Whites' address was identified as 8214 Hubbard Bedford Road, Hubbard, Ohio.

{¶3}   On June 5, 2013, Ms. White filed her Answer to Complaint.

{¶4}   The case was set for final hearing on February 4, 2014.

{¶5}   Ms. White failed to appear at the February 4, 2014 hearing. The domestic relations court issued the following Docket and Journal Entry:

> Case called. Defendant failed to appear. Counsel for defendant moved to be allowed to withdraw as counsel for defendant. The motion to withdraw is held in abeyance. Matter to be reset one-half (1/2) day. Attorney Gentile [Ms. White's attorney] to advise the court thirty (30) days prior to trial if he has had contact with defendant. If defendant has failed to contact counsel and cooperate with the preparation of her case, the motion to withdraw shall be granted and the trial will proceed with or without defendant. Send notice to 370 Stewart Street, Apartment 3, Hubbard, Ohio 44425 for defendant.

{¶6}   The case was reset for July 8, 2014.

{¶7}   Ms. White failed to appear at the July 8, 2014 hearing. From the bench, the domestic relations judge stated to Mr. White and the attorneys that "[n]otices have been sent out." Mr. White advised the court that he had not "seen her in months." The

2

court released Attorney Gentile from his representation of Ms. White. Attorney Gentile then advised the court as follows:

> I think * * * the record should reflect I was here on February 4th and that's when the Court indicated that they would take the Motion to Withdraw, hold in abeyance. I, then, did write her a very detailed letter on February 5th, advising her of the importance to meet with me personally. She did not do that. I, then, sent her the Court Order on February 7th, 2014, and I sent her the Notice of this Trial date to her, enclosing a copy of the Court Notice. That went out on March 3rd, 2014. As I indicated to the Court previously, her Father did drop by to see me a couple weeks ago and indicated she was for the most part, her whereabouts were unknown. I, then, heard she had run into some difficulties with law enforcement. I started calling this morning, and her Father, coincidentally, was on the way out to the house, who, apparently, located her. She is there. I don't know the extent of her legal problems but it's just made it very difficult for me to represent the young lady.

The hearing proceeded without Ms. White being present.

{¶8}   On July 16, 2014, the domestic relations court issued a Judgment Entry (Final Decree of Divorce).

{¶9}   On July 28, 2014, Ms. White filed a 60(B) Motion to Vacate Final Decree of Divorce, based on "excusable neglect."

{¶10} On April 6, 2015, a hearing was held on the Motion to Vacate. Ms. White was present and testified before the court that she never received notice of the July 8 hearing from either the court or her attorney. Rather, she only learned of it on the day of the hearing when her father visited her at the home on Hubbard Bedford Road, where she had been residing during the pendency of the divorce proceedings. At the time of the July hearing, Ms. White did not have a phone. She was receiving mail at the residence, although Mr. White and his mother would periodically pick the mail up from the mailbox.

{¶11} Ms. White testified that she did not appear for the February 4, 2014 hearing because Mr. White had unplugged the alarm clock that morning. Since that time, she had not heard from her attorney.

{¶12} Ms. White testified that the Stewart Street address is her mother's address, where she currently resides, but that she did not reside there on July 8, 2014.

{¶13} The domestic relations court denied Ms. White's Motion to Vacate, journalized in an Amended Order on April 28, 2015.

{¶14} On May 22, 2015, Ms. White filed her Notice of Appeal. On appeal, she raises the following assignments of error:

{¶15} "[1.] The trial court committed prejudicial error denying Appellant's, LORI J. WHITE's, Civ.R. 60(B) motion to vacate final decree of divorce—a decree entered after a 'trial' in abstentia [sic] Appellant did not know about, did not know she had no counsel for, and did not have her rights defended in—on the basis that there is 'no compelling evidence' and it 'sees no reason' to excuse Appellant from appearing on the date of the 'trial,' because those standards exceed the burden of proof for a Civ.R.

4

60(B) motion, which is evidence of entitlement to the relief requested, with any doubts resolved in favor of movant."

{¶16} "[2.] The trial court committed prejudicial error by denying Appellant's, LORI J. WHITE's, Civ.R. 60(B) motion to vacate final decree of divorce on the basis that there is 'no compelling evidence' and it 'sees no reason' to excuse Appellant from appearing on the date of the 'trial,' when there is evidence of mistakes to which it is blind, such as its ordering notice sent to a wrong address, its relying on estranged counsel before *and after* he revealed his ignorance of his unwanted client's address, and its failure to order notice sent in a manner that would have provided indisputable proof that it was actually received."

{¶17} "[3.] The trial court committed prejudicial error by denying Appellant's, LORI J. WHITE's, Civ.R. 60(B) motion to vacate final decree of divorce, because it did not know or recognize that it failed to fulfill its constitutional duty to take reasonable follow-up measures to notify Appellant upon learning of failed attempts to notify her using a wrong address provided by estranged counsel ignorant of her whereabouts, and although its duty would have been excused if it was nevertheless proven that Appellant *actually received* notice, in its amended order it could not and did not so find (while *implying* that it did), because at the hearing on the motion, it heard no evidence from a witness with first-hand knowledge contradicting Appellant's evidence that she never received notice."

{¶18} "[4.] The trial court committed prejudicial error by denying Appellant's, LORI J. WHITE's, Civ.R. 60(B) motion to vacate final decree of divorce on the basis that there is 'no compelling evidence' and it 'sees no reason' to excuse Appellant from

appearing on the date of the 'trial,' where its Amended Order seriously misstates the sequence of events before the 'trial,' and relies, in part, on the hearsay and rumor testimony of an *unsworn* witness, Appellant's *former* estranged counsel, whose unprofessional comments appear in the 'trial' record *after* he withdrew as counsel and *before* the sworn witnesses were examined."

{¶19} Ms. White's assignments of error will be considered in a consolidated fashion.

{¶20} Civil Rule 60(B) provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶21} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶22} "The term 'excusable neglect' is an elusive concept which has been difficult to define and to apply." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996). "[T]he concept of 'excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to 'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'" (Citation omitted.) *Colley v. Bazell*, 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980). The inquiry as to whether neglect is excusable or inexcusable "must of necessity take into consideration all the surrounding facts and circumstances." *Id.* at 249.

{¶23} The decision to grant or deny a Civ.R. 60(B) motion is entrusted to the sound discretion of the trial court. *In re Whitman*, 81 Ohio St.3d 239, 242, 690 N.E.2d 535 (1998), citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶24} Ms. White raises several arguments as to why the domestic relations court abused its discretion by denying her Motion to Vacate. She claims the court applied the wrong standard in evaluating her Motion, by stating that "there is no compelling evidence to excuse Defendant from appearing at the Court on the date of the divorce trial." According to Ms. White, the court "improperly held [her] * * * to a higher standard of burden of proof of *compelling* evidence." Appellant's brief at 15. We disagree. A fair interpretation of the court's ruling is that Ms. White failed to present evidence that compelled, i.e. convinced, the court, in the exercise of its discretion, to grant the requested relief.

{¶25} The fact that, in Ms. White's estimation, the evidence she presented was "sufficient" to entitle her to relief does not demonstrate that the domestic relations court's ruling was unreasonable or arbitrary. This point is demonstrated by the case cited by Ms. White in support of her argument, *Anderson-Harber v. Harber*, 10th Dist. Franklin No. 05AP-1255, 2006-Ohio-3106. In *Anderson-Harber*, the court of appeals affirmed the decision of the trial court which granted relief to a party in similar circumstances based on excusable neglect ("she got her dates confused"). *Id.* at ¶ 3, 7. The court of appeals acknowledged that merely presenting sufficient evidence of excusable neglect did not automatically entitle a party to relief:

> Admittedly, another court could review the circumstances here and determine that no excusable neglect exists. See, e.g., *Stables v. Bland*, Trumbull App. No. 2002-T-0075, 2003-Ohio-1751 (affirming trial court judgment finding no excusable neglect where defendant asserted that his failure to appear resulted from his entering the hearing on the wrong day in his calendar, but did not submit a sworn statement to that effect). However, the court's discretion to determine whether excusable neglect exists "necessarily connotes a wide latitude of freedom of action * * * and a broad range of more or less tangible or quantifiable factors may enter into the trial court's determination. Simply put, two trial courts could reach opposite results on roughly similar facts and neither be guilty of an abuse of discretion." *McGee v. C & S Lounge* (1996), 108 Ohio App.3d 656, 661, 671 N.E.2d 589.

8

*Id.* at ¶ 16.

{¶26} Ms. White further argues that the domestic relations court bears a measure of responsibility for her failure to appear by sending notice to her mother's address on Stewart Street, rather than the marital residence on Hubbard Bedford Road. In addition to this "big mistake," Ms. White faults the court for "an even bigger mistake * * * of creating an estranged counsel * * * and then failing to supervise its creation." Appellant's brief at 17. Ms. White refers to the court's decision to hold trial counsel's motion to withdraw in abeyance while expecting counsel to continue to act with due diligence on Ms. White's behalf. Ms. White suggests that counsel could not have been expected to "search very hard to find his unwanted client." Appellant's brief at 18.

{¶27} We find no error in the domestic relations court's handling of the situation. What is noticeably absent from Ms. White's Motion to Vacate is evidence of any effort on her part to contact either the court or counsel, despite knowledge that she had missed the date of the original final hearing. "Litigants have the obligation to know what is on the court's docket." *Davis v. Cleveland*, 8th Dist. Cuyahoga No. 92336, 2009-Ohio-4717, ¶ 5; *MBA Realty v. Little G, Inc.*, 116 Ohio App.3d 334, 338, 688 N.E.2d 39 (8th Dist.1996) ("the burden is on the parties to follow the progress of their own case"). "While it is clear that some form of notice is required to parties or their attorneys who have appeared in an action, they are expected to keep themselves informed of the progress of their case." (Citation omitted.) *State Farm Mut. Auto. Ins. Co. v. Peller*, 63 Ohio App.3d 357, 360, 578 N.E.2d 874 (8th Dist.1989). "A party involved in litigation cannot simply sit back and claim ignorance of the proceedings." *PHH Mtge. Corp. v. Northup*, 4th Dist. Pickaway No. 11CA6, 2011-Ohio-6814, ¶ 22.

{¶28} In a somewhat similar case, *Plant v. Plant*, 5th Dist. Fairfield No. 02CA01, 2002-Ohio-3684, the trial court allowed counsel for the husband to withdraw after "she had made repeated attempts to contact husband by both mail and telephone, but she had had no communication with husband." *Id.* at ¶ 16. The matter proceeded to judgment without the husband's participation. Thereafter, the husband sought relief on the grounds that "judgment was entered against him without notice, and without an opportunity to appear and contest the alleged fraud perpetrated by wife." *Id.* at ¶ 15. The trial court denied the husband relief and the court of appeals affirmed. The appellate court recognized that the husband had an "affirmative duty to advise his trial counsel, and/or the trial court, of any change of address or otherwise be available for contact by his trial counsel," and his "failure to do so preclude[d] him from justifying relief for alleged lack of notice as a matter of law." *Id.* at ¶ 17. "To allow husband a second bite of the apple because he failed to keep in contact with his counsel and/or the court, would serve to encourage parties to play hide and seek and delay court proceedings." *Id.*

{¶29} Ms. White's assignments of error are without merit.

{¶30} For the foregoing reasons, the Amended Order of the Trumbull County Court of Common Pleas, Division of Domestic Relations, denying Ms. White's Motion to Vacate Final Decree of Divorce, is affirmed. Costs to be taxed against appellant.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.