[Cite as *A.J. Constr. Co. v. Steel Valley Paving & Concrete, Inc.*, 2023-Ohio-1537.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| A.J. CONSTRUCTION CO., et al., | **CASE NO. 2022-T-0098** |
| Plaintiffs-Appellees, | |
| - vs - | Civil Appeal from the<br>Girard Municipal Court |
| STEEL VALLEY PAVING &<br>CONCRETE, INC., | Trial Court No. 2021 CVF 00551 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: May 8, 2023
Judgment: Affirmed

*David A. Detec*, Manchester, Newman & Bennett, 201 East Commerce Street, Level 2, Youngstown, OH 44503 (For Plaintiffs-Appellees).

*James E. Lanzo*, 4126 Youngstown-Poland Road, Youngstown, OH 44514 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Defendant-appellant, Steel Valley Paving & Concrete, Inc. ("Steel Valley"), appeals the judgment of the Girard Municipal Court overruling its Civ.R. 60(B) motion for relief from judgment. The trial court awarded judgment in favor of plaintiffs-appellees, A.J. Construction Co., Anthony J. Guerrieri, and Tina M. Guerrieri (collectively, "the plaintiffs"), in the amount of $15,000 plus interest and costs, following a bench trial at which Steel Valley failed to appear.

{¶2} Steel Valley asserts one assignment of error, contending the trial court abused its discretion in overruling its Civ.R. 60(B) motion for relief from judgment without a hearing.

{¶3} After a careful review of the record and pertinent law, we find the trial court did not abuse its discretion. Steel Valley's alleged unawareness of the trial date did not constitute excusable neglect because it had a duty to keep itself informed of the status of the case after its attorney withdrew. Therefore, Steel Valley could not meet all of the necessary requirements to obtain relief from judgment, and the trial court did not err in failing to hold a hearing.

{¶4} Thus, we affirm the judgment of the Girard Municipal Court.

## Substantive and Procedural History

{¶5} In July 2021, the plaintiffs filed a civil complaint against Steel Valley in the Girard Municipal Court, asserting claims for breach of contract and negligence relating to Steel Valley's paving of asphalt on the plaintiffs' property. Steel Valley, through counsel, filed an answer denying the plaintiffs' allegations.

{¶6} On February 11, 2022, the trial court held a pretrial. The parties appeared through their respective attorneys. The trial court filed a pretrial report and judgment entry scheduling a bench trial for June 13, 2022. On the same date, the clerk of courts filed a hearing notice. The docket states the clerk sent the hearing notice to Steel Valley's attorney and to Steel Valley, "c/o Brenda Iamurri, Statutory Agent[,] 5355 West Radio Road, Youngstown, OH 44515."

{¶7} On May 25, 2022, Steel Valley's attorney filed a motion to withdraw on the grounds Steel Valley had ceased communication, failed to respond to numerous telephone messages and faxes, refused to cooperate in the defense of the case, and

2

failed to honor financial commitments. Counsel's certificate of service states he served his motion on Steel Valley, "c/o Cosmo Iamurri," at the address listed above. On June 6, 2022, the trial court filed an order granting counsel's motion to withdraw.

{¶8} On June 13, 2022, the plaintiffs appeared for trial. Steel Valley failed to appear. The plaintiffs presented evidence in support of their claims and damages. The trial court filed a judgment entry granting judgment in the plaintiffs' favor in the amount of $15,000 plus interest and costs.

{¶9} On August 4, 2022, Steel Valley, through new counsel, filed a "motion to set aside" the trial court's judgment entry pursuant to Civ.R. 60(B). Steel Valley asserted, "Defendant did all the work that was required of him in a satisfactory manner"; its motion was timely filed; and "this motion is due to excusable neglect, Defendant was never served with a hearing date and was there for [sic] unaware of said hearing on June 13th, 2022." In support of its motion, Steel Valley attached an affidavit from Cosmo Iamurri.

{¶10} The plaintiffs filed a brief in opposition to Steel Valley's motion.

{¶11} On September 16, 2022, the trial court filed a judgment entry overruling Steel Valley's motion.

{¶12} Steel Valley appealed and raises the following assignment of error:

{¶13} "The trial court abused its discretion by summarily ruling on the Appellant's Civil Rule 60(B) motion which alleges operative facts which would warrant relief under Civil Rule 60(B) without holding a hearing on the same."

**Standard of Review**

{¶14} The decision to grant or deny a Civ.R. 60(B) motion is entrusted to the sound discretion of the trial court. *MCS Acquisition Corp. v. Gilpin*, 11th Dist. Geauga No. 2011-G-3037, 2012-Ohio-3018, ¶ 20. Thus, our standard of review is whether the

3

trial court abused its discretion. *Id.* An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

## Civ.R. 60(B)

{¶15} Civ.R. 60(B) provides in relevant part, "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for * * * (1) * * * excusable neglect * * *. The motion shall be made within a reasonable time, and for reason[] (1) * * * not more than one year after the judgment, order or proceeding was entered or taken."

{¶16} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus[,] the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

{¶17} "Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996). To successfully establish a claim under Civ.R. 60(B), the movant must present "operative

4

facts" which would warrant relief from judgment. *Gregory v. Abdul-Aal*, 11th Dist. Trumbull No. 2002-T-0176, 2004-Ohio-1703, ¶ 22.

{¶18} Here, there is no dispute regarding the timeliness of Steel Valley's motion (the third prong). The parties dispute whether Steel Valley alleged operative facts regarding a meritorious defense (the first prong) and excusable neglect under Civ.R. 60(B)(1) (the second prong). We find the second prong to be dispositive.

**Excusable Neglect**

{¶19} "The term 'excusable neglect' is an elusive concept which has been difficult to define and to apply." *Kay* at 20. "[T]he concept of 'excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to "'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'"" *Colley v. Bazell*, 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980), quoting *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 12, 371 N.E.2d 214 (1978), quoting 11 Wright & Miller, *Federal Practice & Procedure*, Section 2851, at 140. The inquiry as to whether neglect is excusable or inexcusable "must of necessity take into consideration all the surrounding facts and circumstances." *Id.* at 249.

{¶20} Here, Steel Valley was a defendant in a civil action. Its attorney withdrew, and Steel Valley subsequently failed to appear for the scheduled bench trial. In its Civ.R. 60(B) motion, Steel Valley asserted it was never served with a hearing notice.

{¶21} Even if we assume Steel Valley did not receive the hearing notice the clerk of courts purportedly sent, Steel Valley's neglect was not excusable. Excusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring. *Am. Express Nat. Bank v. Bush*, 11th Dist. Lake Nos. 2019-L-130 and 2020-

5

L-029, 2020-Ohio-4424, ¶ 32. This court has recognized "'[l]itigants have the obligation to know what is on the court's docket.'" *White v. White*, 11th Dist. Trumbull No. 2015-T-0052, 2015-Ohio-5342, ¶ 27, quoting *Davis v. Cleveland*, 8th Dist. Cuyahoga No. 92336, 2009-Ohio-4717, ¶ 5. "[I]t is the duty of a party, once he has been made a party to an action, to keep himself advised of the progress of the case and of the dates of hearings, including the date of trial * * *." *Metcalf v. Ohio State Univ. Hosps.*, 2 Ohio App.3d 166, 167, 441 N.E.2d 299 (10th Dist.1981). "'A party involved in litigation cannot simply sit back and claim ignorance of the proceedings.'" *White* at ¶ 27, quoting *PHH Mtge. Corp. v. Northup*, 4th Dist. Pickaway No. 11CA6, 2011-Ohio-6814, ¶ 22.

{¶22} For example, in *Nick v. Cooper*, 10th Dist. Franklin No. 15AP-1109, 2016-Ohio-5678, the appellants were parties to a civil action. Their attorney withdrew, and they subsequently failed to respond to a summary judgment motion. *See id.* at ¶ 6-8. The Tenth District found no excusable neglect, stating the appellants "provided no explanation for their own failure to contact the court regarding the status of their case or to check the docket to determine whether any action was required in the six-month period in which they were unrepresented." *Id.* at ¶ 26. The "appellants could have prevented the circumstances that resulted in the judgment against them by either hiring counsel to represent them in this matter following [their] attorney['s] * * * withdrawal or otherwise defending the action." *Id.* at ¶ 30. Thus, the "appellants completely disregarded their duty to keep themselves informed of the status of this action after [their] attorney * * * withdrew." *Id.* at ¶ 26.

{¶23} Here, Steel Valley had a duty to keep itself informed of the status of the case after its attorney withdrew. However, there is no indication Steel Valley contacted

6

the court or checked the docket. Therefore, Steel Valley's alleged ignorance of the case's status did not constitute excusable neglect.

{¶24} Since Steel Valley could not demonstrate excusable neglect, the issue of whether it established a meritorious defense is moot. *See State ex rel. Yost v. Orlando*, 11th Dist. Ashtabula Nos. 2022-A-0003 and 2022-A-0013, 2022-Ohio-4053, ¶ 47. In addition, since Steel Valley was not entitled to relief from judgment, the trial court did not err in failing to hold a hearing. *See id.*; *Coleman v. Cleveland School Dist. Bd. of Edn.*, 8th Dist. Cuyahoga Nos. 84274 and 84505, 2004-Ohio-5854, ¶ 79 ("If the motion for relief fails to allege operative facts that would warrant relief, the court need not conduct a hearing.").

{¶25} Accordingly, the trial court did not abuse its discretion by overruling Steel Valley's Civ.R. 60(B) motion without a hearing. Steel Valley's sole assignment of error is without merit.

{¶26} For the foregoing reasons, the judgment of the Girard Municipal Court is affirmed.


JOHN J. EKLUND, P.J.,

EUGENE A. LUCCI, J.,

concur.

7