[Cite as *Deutsche Bank Natl. Trust Co. v. Brooks*, 2024-Ohio-5054.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIZATION TRUST SERIES 2006-A13 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-M, | CASE NO. 2024-G-0010 |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| THE UNKNOWN HEIRS AT LAW, DEVISEES, LEGATEES, ADMINISTRATORS, AND EXECUTORS OF THE ESTATE OF BARRY H. BROOKS a.k.a. BARRY H. BROOKS, M.D., DECEASED, et al., | Trial Court No. 2023 F 000129 |
| Defendants, | |
| MADISON BROOKS, | |
| Defendant-Appellant. | |

## O P I N I O N

Decided: October 21, 2024
Judgment: Affirmed

*Laura C. Infante, Robert R. Hoose*, and *Ashley E. Mueller*, Clunk, Hoose Co., LPA, 495 Wolf Ledges Parkway, Akron, OH 44311 (For Plaintiff-Appellee).

*Nicholas F. Stemmer* and *Andrew J. Gerling*, Kohl & Cook Law Firm, LLC, 1900 Bethel Road, Columbus, OH 43220 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Madison Brooks ("Appellant") appeals the trial court's denying his Civ.R. 60(B) motion for relief from judgment. For the following reasons, we affirm the lower court's judgment.

## Summary of the Case

{¶2} This is a foreclosure action, commenced in rem on property held in a decedent's name, for failure to pay the mortgage. Appellee ("the Bank") filed its Complaint in March 2023; service was perfected on Appellant (one of the decedent's heirs) by certified mail. Appellant never pled, moved, or otherwise responded to the Complaint. The Bank moved for default judgment (which Appellant did not oppose). The trial court granted default judgment for the Bank and ordered foreclosure and a sheriff's sale. Almost four months later, and only three days before the sheriff's sale, Appellant moved for relief from the default judgment. The trial court denied the motion, from which Appellant timely appeals. Essentially, Appellant asserts that he was in discussions with the Bank about his assuming the mortgage on the property and bringing payments current. He contends that the Bank "assured him" not to worry about foreclosure. He believed those discussions would forestall a foreclosure and sale from proceeding. Under the circumstances of this case, we find the appeal to be without merit.

## Factual and Procedural Background

{¶3} On March 3, 2023, the Bank filed a Complaint in Foreclosure (in rem) for property owned by Appellant's deceased father, Barry Brooks. Barry Brooks' heirs, including Appellant, were named as defendants. The Complaint alleged that the

2

mortgage on the property had not been paid since June 2022. The Bank perfected service on Appellant on March 7, 2023, by certified mail.

{¶4} By July 18, 2023, the defendants had not pled, moved, or otherwise responded to the Complaint. The court issued a "Notice to File Default Judgment." The notice advised the parties that a failure to move for default judgment would result in the case being dismissed sua sponte for reasons otherwise than on the merits.

{¶5} Also on July 18, 2023, the Bank filed and served on "all parties" a "Notice of Case Status." The notice stated that the Bank was "actively working with the primary defendants for an amicable agreement to resolve this foreclosure matter." The notice also stated that if the Bank's efforts at resolution failed, then it would "immediately issue" service by publication on Barry Brooks' unknown heirs.

{¶6} The Bank did not further advise the court of its resolution efforts. But, beginning on August 3, 2023, the Bank served Barry Brooks' unknown heirs through publication in the Geauga County Maple Leaf newspaper for a period of three weeks.

{¶7} On September 18, 2023, the Bank moved for default judgment. It stated that the defendants had neither pled, moved, or otherwise responded to the Complaint. The Bank did not serve Appellant or any other purported heirs with the motion, and no defendant opposed it.

{¶8} On October 5, 2023, the court granted the Bank's motion. It ordered that the property be foreclosed upon and sold at a sheriff's sale if the defendants failed to pay the sum due within three days. The defendants did not pay the sum due. The court did not serve Appellant with the judgment.

Case No. 2024-G-0010

{¶9} On January 16, 2024, the Bank filed and served a "notice of sheriff's sale." The notice stated that a sheriff's sale would be held on February 1, 2024.

{¶10} On January 29, 2024, almost four months after the court granted default judgment, Appellant, through counsel, filed a notice of appearance in the matter. Also on January 29, Appellant filed a Civ.R. 60(B)(1) motion for relief from the court's October 5, 2023 judgment and to stay execution of the judgment.

{¶11} In the motion, Appellant asserted, through affidavit, that he had attempted to pay the mortgage after his father died, but the Bank "refused to take mortgage payments from him" because he was not a party to the mortgage.

{¶12} He also asserted in his affidavit that, despite having been served with the Complaint, the Bank had "repeatedly assured" him "that there was no need to worry about foreclosure." Appellant did not attach any documents to support that assertion. The thirteen documents Appellant attached were communications between himself and "PHH Mortgage Services." PHH Mortgage Services told Appellant that it had received his requests for mortgage assistance, but that he was not qualified. In his motion, Appellant cites the exhibits to assert that he was denied mortgage assistance by the Bank. However, the exhibits only showed communications with PHH Mortgage Services.

{¶13} In support of his motion for relief from judgment, Appellant asserted prevention of performance and unclean hands as meritorious defenses if relief were to be granted. He next asserted that he was entitled to relief for mistake and excusable neglect. Appellant also stated that his motion was made within a reasonable time. Specifically, he asserted that he had "immediately retained counsel to respond upon knowledge of the events."

Case No. 2024-G-0010

{¶14} On January 31, 2024, the Bank filed a brief in opposition to Appellant's motion for relief from judgment.

{¶15} On February 1, 2024, the sheriff's sale on the property commenced. A sheriff's return was filed, stating that the Bank had purchased the property at the sheriff's sale.

{¶16} On February 13, 2024, the court issued an order denying Appellant's motion to stay execution of judgment. The court explained that Appellant "failed to meet the necessary standards under Civil Rule 60" and the "motion was filed too close to the scheduled sale date . . .." The court also noted that the "sale has already occurred by the time of this order."

{¶17} On February 21, 2024, Appellant appealed the trial court's February 13 order. Also on February 21, Appellant moved the trial court to stay further execution of the judgment (specifically to stay the confirmation of the sale) until the Court of Appeals rendered its judgment. The court did not rule on the motion.

{¶18} On March 11, 2024, the Bank moved the court to confirm the sheriff's sale. On March 26, 2024, the court confirmed the sale.[1]

{¶19} On April 5, 2024, Appellant once again moved the trial court to stay further execution of the judgment (specifically to stay the enforcement of a writ of possession or distributing the funds from the sale) until the Court of Appeals rendered its decision.

{¶20} On April 24, 2024 the court granted Appellant's motion.

---

1. The trial court confirmed the sheriff's sale while the appeal was pending.

Case No. 2024-G-0010

**Assignments of Error and Analysis**

{¶21} Appellant timely appeals the trial court's February 13, 2024 order denying his motion for relief from judgment. In support of his appeal, Appellant assigns four errors.

{¶22} This court ordered supplemental briefing on the issue of whether or not the Bank was required to give Appellant notice that it was applying for default judgment. Specifically, whether Appellant "appeared" in the action. We begin by addressing that issue.

{¶23} Civ.R. 55(A) requires that a "party against whom judgment by default is sought [who] has appeared in the action . . . be served with written notice of the application for judgment at least seven days prior to the hearing on such application."

{¶24} The notice requirement is waived under circumstances in which a party "has failed to plead or otherwise defend." *Am. Commc'ns of Ohio, Inc. v. Hussein*, 2011-Ohio-6766, ¶ 9 (10th Dist.).

{¶25} If the notice is required and not given, the default judgment must be reversed on appeal because the judgment is void for lack of due process. *CitiMortgage, Inc. v. Bumphus*, 2011-Ohio-4858, ¶ 30 (6th Dist.) citing *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986); *AMCA Internatl. Corp.; Skinner v. Leyland*, 2006-Ohio-3186, ¶ 16 (6th Dist.), citing *Plant Equip., Inc. v. Nationwide Control Serv., Inc.*, 2003-Ohio-5395, ¶ 14-15 (failure to give proper notice makes the judgment void, not voidable).

{¶26} We acknowledge that other districts, such as the Tenth District, expansively construe the term "appearance" for the purpose of applying the notice provisions of Civ.R. 55(A). *Ellison v. K 2 Motors, L.L.C.*, 2023-Ohio-1871, ¶ 15 (10th Dist.). That district does

6

not limit an "appearance" to formal appearances and submissions. *Id.* citing *Columbus Mgt. Co. v. Nichols*, 1992 WL 193694 (10th Dist. Aug. 4, 1992). Rather, that court has held: "Where a party becomes aware by means of informal contacts, correspondence or negotiations that the opposing party intends to actively defend the suit, this constitutes an appearance which requires seven days advance notice to that party before a default judgment may be taken." *Id.*

{¶27} We reject the Tenth District's approach. It contradicts the plain language of Civ.R. 55(A), which requires written notice only if the defendant has "appeared *in the action*," not in informal contacts, private letters, or settlement meetings. Moreover, application of the rule turns on what the party *has done,* not what it "intends" to do. The expansive rule of the Tenth District promotes sloth by allowing a party to sit idly by and ignore the legal proceedings. It also promotes leaving the court in the dark about who is and who is not before it. Civ.R. 55(A) does not include such an exception and we will not read one into the rule.

{¶28} An "appearance" (for purposes of Civ.R. 55) "generally implies some sort of presentation or submission *to the court* in which the action is pending." *Columbus Mgt. Co.*, at *3 (emphasis added). Appellant made none, so far as the record reflects.

{¶29} In the instant case, it is uncontested that the Bank served Appellant with the complaint. The summons served upon Appellant notified him: "If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint." Appellant did neither, and with forewarning that default "will be taken."

{¶30} The Bank had advised the court that it was "actively working with the primary defendants for an amicable agreement to resolve this foreclosure matter."

7

Importantly, the Bank's notice did not specify which defendants they were "working" with and identified none by name. The complaint named Appellant, among others, as having or claiming to have "an interest in the premises."

{¶31} Appellant filed nothing and otherwise presented nothing to the trial court before the Bank moved for default judgment. Therefore, he did not "appear" in the action.

{¶32} Even broadening the term "appearance" would not avail Appellant. Appellant, through affidavit, averred to have had conversations with the Bank in which, he contends, the Bank told him it would not foreclose on the home and that he would be permitted to enter a loan modification agreement. Yet, the exhibits attached to Appellant's affidavit in support were not between him and the Bank, but with a third party to request mortgage assistance. And, there is nothing in the record to show that Appellant intended to actively defend the foreclosure proceedings, much less communicated that to the Bank. The Bank's notice of case status neither identified Appellant by name nor suggested he had expressed his intention to actively defend the suit.

{¶33} Upon review, there is no evidence in the record to support finding that Appellant "appeared" in the action triggering a Civ.R. 55(A) duty to serve him with notice of the Bank's motion for default judgment.

{¶34} We now proceed with addressing Appellant's assignments of error.

{¶35} His first, third, and fourth assignments each allege that the trial court erred in denying his Civ.R. 60(B)(1) motion for relief from judgment.

{¶36} First assignment of error: "The trial court abused its discretion in summarily concluding that Mr. Brooks' does not have a meritorious defense or claim."

Case No. 2024-G-0010

**{¶37}** Third assignment of error: "The trial court abused its discretion in summarily concluding that Mr. Brooks was not entitled to relief for excusable neglect and mistake."

**{¶38}** Fourth assignment of error: "The trial court abused its discretion in summarily concluding that Mr. Brooks did not seek relief in a timely manner."

**{¶39}** We only address Appellant's third assignment, as it is dispositive of this appeal.

**{¶40}** The decision to grant or deny a Civ.R. 60(B) motion is entrusted to the sound discretion of the trial court. *MCS Acquisition Corp. v. Gilpin*, 2012-Ohio-3018, ¶ 20 (11th Dist.). Thus, our standard of review is whether the trial court abused its discretion. *Id.*

**{¶41}** "The term 'abuse of discretion' is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record." *State v. Underwood*, 2009-Ohio-208, ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925)." *State v. Raia*, 2014-Ohio-2707, ¶ 9 (11th Dist.). Stated differently, an abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, quoting *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting Black's Law Dictionary 11 (8th Ed.Rev.2004). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] . . . By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Id.*, quoting *Beechler* at ¶ 67.

**{¶42}** Civ.R. 60(B) provides in relevant part, "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for .

9

. . (1) mistake, inadvertence, surprise or excusable neglect; . . . The motion shall be made within a reasonable time, and for reason[ ] (1) . . . not more than one year after the judgment, order or proceeding was entered or taken."

{¶43} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus[,] the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, (1994).

{¶44} "Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). To successfully establish a claim under Civ.R. 60(B), the movant must present "operative facts" which would warrant relief from judgment. *Gregory v. Abdul-Aal*, 2004-Ohio-1703, ¶ 22 (11th Dist.).

{¶45} Appellant asserts in his third assignment of error that the trial court abused its discretion in finding that he was not entitled to relief for excusable neglect and mistake.

{¶46} "The term 'excusable neglect' is an elusive concept which has been difficult to define and to apply." *Kay* at 20. "[T]he concept of 'excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be

Case No. 2024-G-0010

liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to "'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'"" *Colley v. Bazell*, 64 Ohio St.2d 243, 248 (1980), quoting *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 12 (1978), quoting 11 Wright & Miller, Federal Practice & Procedure, Section 2851, at 140. The inquiry as to whether neglect is excusable or inexcusable "must of necessity take into consideration all the surrounding facts and circumstances." *Id.* at 249.

{¶47} Excusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring. *Am. Express Nat. Bank v. Bush*, 2020-Ohio-4424, ¶ 32 (11th Dist.). This court has recognized "'[l]itigants have the obligation to know what is on the court's docket.'" *White v. White*, 2015-Ohio-5342, ¶ 27 (11th Dist.), quoting *Davis v. Cleveland*, 2009-Ohio-4717, ¶ 5 (8th Dist.). "[I]t is the duty of a party, once he has been made a party to an action, to keep himself advised of the progress of the case and of the dates of hearings, including the date of trial . . .." *Metcalf v. Ohio State Univ. Hosps.*, 2 Ohio App.3d 166, 167, (10th Dist.1981).

{¶48} In order to obtain relief on the basis of mistake, the court must find "a mutual mistake shared by both parties as to a material fact in the case." *Smith v. Smith*, 2004 Ohio 5589, ¶ 17 (8th Dist.). "[T]he courts of this state have generally held that relief from the decree will not be granted when the alleged 'mistake' was merely a unilateral mistake on the part of one party or her counsel." *Irwin v. Irwin*, 1996 WL 586762, *5 (11th Dist. Sept. 27, 1996.).[2]

---

2. We acknowledge that the cases cited above are factually distinct to the instant case. The cases cited were divorce proceedings and not foreclosure actions. However, there is nothing in those cases to

11

{¶49} Appellant argues in his brief that he was entitled to relief for excusable neglect because he "had no prior experience with foreclosure or litigation" and because "he was actively working with the bank to resolve the deficiency." Appellant also contends that the "surrounding circumstances" support his assertion that he was entitled to relief for mistake.

{¶50} As noted above, Appellant had a duty to keep himself advised of the progress of the case. He failed in that duty. Why? Because, without regard to the case's progression and the Bank's actions, Appellant had not made an appearance in the case until days before the sheriff's sale occurred, and never responded to, or sought leave to respond to, the Complaint. "'A party involved in litigation cannot simply sit back and claim ignorance of the proceedings.'" *White* at ¶ 27, quoting *PHH Mtge. Corp. v. Northup*, 2011-Ohio-6814, ¶ 22 (4th Dist.). The Bank moved for default judgment in September 2023 - six months after the lawsuit had been filed; Appellant never opposed it. Even though the Bank did not serve Appellant with the motion for default judgment, Appellant had a duty to "know what is on the court's docket." *White*, 2015-Ohio-5342, at ¶ 27 (11th Dist.). The court granted the Bank's motion and ordered foreclosure and a sheriff's sale on October 5, 2023. Appellant did not make an appearance in this matter until January 29, 2024 - nearly four months later.

{¶51} Appellant argues that he excusably neglected the legal proceedings because he had been consistently working with the Bank to be named on the mortgage and to make payments. The record, however, shows differently. The communications

suggest that the same principals should not apply to every instance in which an Appellant asserts Civ.R. 60(B).

12

Case No. 2024-G-0010

Appellant cites as support were not between himself and the Bank. It was with PHH Mortgage Services, who had only told him that he was not qualified for mortgage assistance.

{¶52} In July 2023, according to the Bank's "Notice of Case Status," the Bank stated that it was working with the "primary defendants" for an amicable resolution to the matter. Yet, as noted above, the Bank did not state who the "primary defendants" were. The Bank also stated in the notice that it would continue with the foreclosure if the parties did not resolve the dispute.

{¶53} Looking to the record before us, the Bank only acted as it stated it would and proceeded with its foreclosure action when the matter had not been resolved. If Appellant had been following the case's progression through the docket, he would have known that the Bank moved for default judgment in September 2023. At that point, one month before the court granted default judgment, Appellant could have made an appearance in the case and opposed the motion. Because of his duty to keep himself advised of the progress of the case, Appellant knew, or should have known, at least, in September 2023, that the Bank's alleged statement that they would not foreclose on the property was no longer true.

{¶54} The record shows that throughout the course of the proceedings, Appellant should have known that the matter had not been resolved and that the Bank was continuing to pursue foreclosure. Appellant could have prevented the circumstances that resulted in the judgment against him if he had not failed his duty and ignored the legal proceedings.

13

**{¶55}** Appellant also argues (under both excusable neglect and mistake) that he was mistaken and "confused" because he was unfamiliar with legal proceedings.

**{¶56}** "'Courts should not generally use Civ.R. 60(B)(1) to relieve pro se litigants who are careless or unfamiliar with the legal system.'" *Gamble Hartshorn, LLC v. Lee*, 2018-Ohio-980, ¶ 26 (10th Dist.), quoting *Dayton Power & Light v. Holdren*, 2008-Ohio-5121 ¶ 12 (4th Dist.). Appellate courts have also noted "'[a] party who is informed of court action against him and fails to seek legal assistance does so at his risk and such conduct cannot be said to constitute "excusable neglect" under Civ.R. 60(B)(1) or (5) unless a compelling reason is presented, like a serious illness.'" *Gamble Hartshorn, LLC* at ¶ 29, quoting *Yuhanick v. Cooper*, 1998 WL 811355, *5 (7th Dist. Nov. 16, 1998).

**{¶57}** Appellant, at his own risk, did not seek legal assistance when the case initially began. He has not provided this court with a compelling reason why he had waited to do so until days before the sheriff's sale.

**{¶58}** For the reasons stated above, Appellant has not shown that the court abused its discretion in finding that he was not entitled to relief.

**{¶59}** Appellant's first, third, and fourth assignments of error are without merit because he has not fulfilled the second prong of the *GTE* test.

**{¶60}** We next consider Appellant's second assignment of error:

**{¶61}** "The trial court abused its discretion by denying Mr. Brooks' Motion for Relief from Judgment without holding a hearing."

**{¶62}** "The trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." *Kay,* 76 Ohio St.3d at 19.

14

Case No. 2024-G-0010

**{¶63}** Above, we held that Appellant did not demonstrate that he was entitled to relief from judgment. Thus, the trial court did not abuse its discretion in failing to hold a hearing on his Civ.R. 60(B) motion.

**{¶64}** Appellant's second assignment of error is without merit.

**{¶65}** The judgment of the Geauga County Court of Common Pleas is affirmed.


ROBERT J. PATTON, J., concurs,

MARY JANE TRAPP, J., concurs in judgement only with a Concurring Opinion.

_____


MARY JANE TRAPP, J., concurs in judgement only with a Concurring Opinion.

**{¶66}** While I concur with the majority in affirming the judgment below, I write separately because I disagree with the majority's wholesale rejection of our sister districts' opinions interpreting those of the Supreme Court of Ohio that liberally interpret the requirement of Civ.R. 55(A), that is, "the policy underlying the modernization of the Civil Rules—*i.e.*, the abandonment or relaxation of restrictive rules which prevent hearing of cases on their merits . . . ." *AMCA Intern. Corp. v. Carlton*, 10 Ohio St.3d 88, 91 (1984).

**{¶67}** When a defendant has been properly served and then has direct contact with the plaintiff, its agents, or its counsel, and indicates an intent to assert a defense to the claim for relief alleged in the complaint, but fails to file an answer or seek leave to move or plead and was not made aware of the impending motion for default judgment, courts should not summarily reject a Civ. R. 60(B) motion based upon a failure to appear via a court filing.

15

Case No. 2024-G-0010

{¶68} Decisions on a Civ.R. 60(B)(1) motion are very fact specific and necessarily must be based on an intent to defend with a meritorious defense, but for "mistake, inadvertence, surprise, or excusable neglect . . . ." Civ.R. 60(B). If the defendant intends only to delay a result and has no viable defense to offer, the motion to vacate the default judgment must fail. Civ.R. 60(B) and Civ.R. 55(A), as with all the rules of practice and procedure, must be viewed together.

{¶69} The outcome of this case may have been different if appellant had presented a meritorious defense. The claim for relief before the trial court was an in rem action seeking to foreclose on a mortgage given to the bank by his deceased father. While appellant had an interest in the real estate as an heir, the bank was not contractually obligated to accept payments from him or accept an application to assume the underlying note and mortgage. Appellant offered no viable challenge to the validity or enforceability of the mortgage. Therefore, the trial court's decision was correct.

Case No. 2024-G-0010